JS-6

Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1018861)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4983
    Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>           Plaintiff,<br><br>      v.<br><br>**HAVE FASHION, INC.**<br><br>         Defendant. | Case No.: CV 10-2995 MMM (JCGx)<br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant Have Fashion, Inc., a California corporation ("Defendant"),  have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.    The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

B.    Defendant has appeared and acknowledges receipt of a copy of the Secretary's Complaint.

C.    Defendant waives issuance and service of process and waives answer and

1    any defenses to the Secretary's Complaint.

2        D.    The Secretary and Defendant waive Findings of Fact and Conclusions of

3    Law, and agree to the entry of this Consent Judgment in settlement of this action, with-

4    out further contest.

5        E.    Defendant admits that the Court has jurisdiction over the parties and subject

6    matter of this civil action and that venue lies in the Central District of California.

7        F.    Defendant has posted $20,000.00 with the U.S. Department of Labor, Wage

8    and Hour Division, to cover FLSA wage underpayments due to employees of its sewing

9    contractor, Sue & H. Apparel, Inc.

10       It is therefore, upon motion of the attorneys for the Secretary, and for cause

11   shown,

12       ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers,

13   agents, servants, and employees and those persons in active concert or participation with

14   them who receive actual notice of this order (by personal service or otherwise) be, and

15   they hereby are, permanently enjoined and restrained from violating the provisions of

16   Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the FLSA in any of the following manners:

17       1.    Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), trans-

18   port, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell

19   with knowledge or reason to believe that shipment, delivery, or sale in commerce is in-

20   tended) goods in the production of which any employee (of the Defendant or other(s))

21   has been employed in violation of the FLSA's minimum wage provisions (29 U.S.C.

22   § 206) or overtime pay provisions (29 U.S.C. § 207).

23       2.    Defendant shall review with the owner or top management official of all sew-

24   ing contractors with whom it does business each of the following matters prior to enter-

25   ing into any agreement with the contractor for its services and shall maintain documenta-

26   tion showing that the following matters have been reviewed:

27       A.    The terms of the FLSA, including the contractor's obligation to pay

28   minimum wage and overtime and maintain accurate records of the hours worked

**Consent Judgment** (Sol #1018861)                                    **Page  2 of 8**

by and wages paid to its employees;

B.  Whether the proposed price terms are such that the contractor will be able to able to comply with the FLSA's minimum wage and overtime requirements;

C.  The sewing contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

D.  The Defendant shall oblige the sewing contractor to inform Defendant immediately whenever the contractor is unable to meet the requirements of the FLSA.

Defendant shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request.

3.      On at least an annual basis, Defendant shall hire an independent third party to conduct a pricing analysis of a representative sample of the different types of garments produced by the firm to determine the economic feasibility of Defendant's pricing in light of the wage requirements of the FLSA.  Defendant shall maintain documentation of this analysis and provide it to representatives of the Secretary of Labor upon their request.

4.      Within 30 days of the entry of this judgment, Defendant shall hire an independent third party to monitor its sewing contractors to enforce the contractors' compliance with the FLSA.   A monitor is independent so long as it does not represent either the manufacturer or contractor in any of its dealings with any other parties or the Department of Labor.  The monitoring program shall include the following components:

a.  Random and unannounced site visits to the contractor, at least on a quarterly annual basis;

b.  Review of the contractor's timecards and payroll records on at least a quarterly annual basis;

c.  Private and confidential interviews of at least 20% of the current em-

ployees to determine the hours they work and the wages they are paid;

       d.  Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor.

The monitor shall produce written reports of its findings which Defendant shall maintain for a period of three years.  Defendant shall supply copies of these reports to representatives of the Secretary of Labor upon their request.

    5.    Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of Sue & H. Apparel, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, an amount sufficient to pay to such employees the back wages due to them under the FLSA for the period from 12/15/09 – 03/15/10.  The aggregate amount hereby found due to these employees is $15.981.05.   The attached Exhibit 1 shows the names of each employee of Sue & H. Apparel, Inc. and the gross backwage amount due to each for the relevant time period.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1 or to their estates if that be necessary, in her sole discretion. Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their re-fusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that the Defendant shall supply all of its sewing contractors with cop-ies of the attached Exhibit 2, in English, Spanish and Korean, which summarizes terms of this Judgment and the employees' rights under the FLSA.   Defendant shall ensure that its contractors distribute a copy of Exhibit 2 to each of their current employees within 30 days of entry of this Judgment, in the employees' native language, provide copies to all new hires, and post a copy at each of its contractors' establishments; and it

is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: May 11, 2010

_Margaret M. Morrow_
U.S. DISTRICT COURT JUDGE

For the Defendant Have Fashion, Inc.:

The Defendant hereby appears, waives any
defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:

By: _____          _____
                                              Date


Its: _____
       President

LAW OFFICES OF ELLIOTT KIM

_____               _____
HAEWON KIM                                    Date
Law Offices of Elliott Kim
3550 Wilshire Boulevard, Suite 730
Los Angeles, CA  90010
Attorneys for the Defendant

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____          _____
SUSAN SELETSKY, Attorney              Date
Attorneys for the Plaintiff,
Secretary of Labor, U.S. Department of Labor

1

<u>Exhibit 1</u>

| Last Name | First Name | Period Covered | Gross Amount Due |
|-----------|-----------|----------------|------------------|
| Acateco | Celerina | 12/15/09-03/15/10 | $ 1,108.51 |
| Alvarado | Miguel | 12/15/09-03/15/10 | $ 184.75 |
| Ascencion | Eleuterio | 12/15/09-03/15/10 | $ 1,108.51 |
| Cormelo | Andres | 12/15/09-03/15/10 | $ 92.38 |
| Felipe | Jesus | 12/15/09-03/15/10 | $ 554.26 |
| Flor | Flores | 12/15/09-03/15/10 | $ 1,108.51 |
| Hernandez | Victor | 12/15/09-03/15/10 | $ 1,108.51 |
| Hernandez | Juana | 12/15/09-03/15/10 | $ 369.50 |
| Hernandez | Santos | 12/15/09-03/15/10 | $ 369.50 |
| Hernandez | Angel | 12/15/09-03/15/10 | $ 92.38 |
| Herrera | Martin | 12/15/09-03/15/10 | $ 92.38 |
| Lopez | Cristobal | 12/15/09-03/15/10 | $ 1,108.51 |
| Martinez | Jovita | 12/15/09-03/15/10 | $ 1,108.51 |
| Mateo | Florentino | 12/15/09-03/15/10 | $ 92.38 |
| Osorio | Humberto | 12/15/09-03/15/10 | $ 1,108.51 |
| Ramos | Antonio | 12/15/09-03/15/10 | $ 92.38 |
| Rosario | Reyes | 12/15/09-03/15/10 | $ 1,108.51 |
| Rosario | Julian | 12/15/09-03/15/10 | $ 369.50 |
| Sanchez | Andres | 12/15/09-03/15/10 | $ 1,108.51 |
| Saquich | Alex | 12/15/09-03/15/10 | $ 1,108.51 |
| Son | Alicia | 12/15/09-03/15/10 | $ 184.75 |
| Trbalan | Pedro | 12/15/09-03/15/10 | $ 184.75 |
| Utuy | Bartolome | 12/15/09-03/15/10 | $ 1,108.51 |
| Utuy | Rosa | 12/15/09-03/15/10 | $ 1,108.51 |

Exhibit 2

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Have Fashion, Inc.,** a garment manufacturer, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.  All employees who work in this establishment can help Have Fashion, Inc. not to violate the Court's Order.   **If you think you are not being paid in accordance with the law, call Have Fashion, Inc., at**  (323) 780-0077. Or, you can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.